UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SABAL TRAIL TRANSMISSION, LLC,

    Plaintiff,

vs.                                  Case No.:    5:16-cv-199-Oc-32PRL

+/- 0.06 ACRES OF LAND IN CITRUS
COUNTY FLORIDA, C.A. NILSON, et
al.,

    Defendants.
_____/

## ORDER

This case is before the Court on Plaintiff Sabal Trail's "Motion for Final Summary Default Judgment and Incorporated Memorandum of Law." (Doc. 21).

No Defendant has filed an answer, appeared, or otherwise presented any claims or defenses in this case. On May 25, 2016, the Court granted Sabal Trail's Motion for Partial Summary Judgment (Doc. 4) and Motion for Preliminary Injunction (Doc. 5). The May 25 Order (Doc. 15) established that Sabal Trail had the right to condemn the subject easement pursuant to 15 U.S.C. § 717f of the Natural Gas Act, as well as the right to take immediate possession of the property upon posting bond. On June 13, 2016, Sabal Trail posted bond and obtained possession of the property. (Doc. 16).

The only outstanding issue is how much compensation Sabal Trail owes Defendants for the easement. Sabal Trail has appended to its motion for default

1

judgment a declaration by Harry W. Collison, a licensed appraiser with 40 years' experience. (Doc. 21-1). Collison states, under penalty of perjury, that he has appraised the value of the easement and has determined the easement is worth $500.00. (Id. at ¶¶ 7-8). Nothing in the record contradicts this valuation.

On July 1, 2016, the Clerk of Court entered a clerk's default with respect to the only person known to have an interest in the subject property, C.A. Nilson. (Doc. 19). Nilson is the property's owner of record. (Doc. 21 at ¶ 4; Doc. 1-3). Sabal Trail has conducted a diligent search for any other persons who may have an interest, but it has not identified any other such person or party. (Doc. 21 at ¶ 6; Doc. 2). Sabal Trail served Nilson, as well as any unknown owners, by publication pursuant to Rule 71.1(d)(3)(B), Federal Rules of Civil Procedure, but no party has responded.

Pursuant to Rule 71.1, "the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation." Fed. R. Civ. P. 71.1(d)(2)(A)(vi). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of a clerk's default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2).

The Court has determined that Sabal Trail is entitled to a default judgment. In the absence of any appearance by a Defendant or a conflicting representation regarding valuation, the Court accepts Sabal Trail's evidence of the appraisal, which establishes that the easement is worth $500.00.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff Sabal Trail's "Motion for Final Summary Default Judgment" (Doc. 21) is **GRANTED**.

2. Sabal Trail shall deposit into the Court Registry the sum of **$500.00** as just compensation.

3. The Clerk shall place into the Registry Funds the amount of **$500.00** in an interest-bearing account.

4. The Clerk shall assess the administrative registry fee as authorized by the Judicial Conference of the United States.

5. Upon deposit of the foregoing amount of just compensation, the Clerk shall enter a Final Default Judgment providing that: (i) ownership and title of the easement rights related to Parcel CCL-FL-CI-007.000, as defined in the Notice of Condemnation (Doc. 1-5), shall vest in Sabal Trail Transmission, LLC; and (ii) Sabal Trail and Liberty Mutual Insurance Company shall be released from their previously posted bond (Doc. 16).

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of December, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record